# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA,**
        Plaintiff,

Vs.                                  Cr. No.: 2:20-cr-20009-JPM

**FREDERICK COLEMAN,**
        Defendant.

## POSITION AS TO THE PRESENTENCE INVESTIGATIVE REPORT

COMES NOW, Claiborne H. Ferguson, attorney for the Defendant, and files this, his Position as to the Presentence Investigative Report, Position with Respect to Sentencing Factors, and Sentencing Memorandum as follows:

### The Sentencing Hearing

Pursuant to the Local Rules, this is to notify the court that the defendant does not intend to call any witnesses and the sentencing hearing is not expected to last for over forty-five minutes.

### Defense Counsel Certification

Defendant has been provided a copy of the PSR and has reviewed same with the defendant. Defense Counsel has communicated the following position to the probation officer and Assistant United States Attorney in the form of this document.

## Factual Objections

1. None

## Guideline Objections

2. Defendant objects to the 2-level enhancement in ¶ 13 (USSG §2B3.1(b)(4)(B) (physical restraining to facilitate commission of offense)). The Probation Officer uses the factual allegation, which we are not disputing for purposes of sentencing, of "forc[ing] the employees into the restaurant" as grounds for the application of the Specific Offense Characteristic. Admittedly, there is case law in the Sixth Circuit that on first glance supports this application, but a closer reading of §1B1.1 (definitions) and said case law clearly indicates a misapplication of the definitions for Abduct and physical restraint.

LAW AND ARGUMENT

The commentary to robbery offenses explains: "The guideline provides an enhancement for robberies where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up." U.S. Sentencing Guidelines Manual § 2B3.1 cmt. background (2006)." See, *United States v. Coleman*, 664 F.3d 1047 (6th Cir. 2012). However, the commentary to §1B1.1 states "[a]bducted" means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction." The commentary likewise says: "[p]hysically

restrained" means the forcible restraint of the victim such as by being tied, bound, or locked up." These two words have different meanings and "physical restrained" does not mean forcing an employee into the business. Physical has as its common meaning the use of same mechanical force, something more than the mere threat a weapon imparts. The definition itself includes a list of ways to accomplish the physical act and all involve some mechanical, physical, act to accomplish. And since words are known by the company they keep, court's are instructed to read a word like physical, which is "capable of many meanings," "in light of [its] accompanying words in order to avoid giving the statutory [enhancement] 'unintended breadth.'" *Maracich v. Spears*, 570 U.S. 48 (2013) (citations omitted).

       The weapon is the essential force used to define a Hobbs Act robbery in this case, and for there to be a meaningful enhancement adjustment, the "physical force" must be above the force used to conduct the robbery and it has to have the element of "physical." See, generally, *United States v. Paul*, 904 F.3d 200, 201, 204 (2d Cir. 2018) (refusing to apply physical-restraint enhancement to robbery that orders employees to the register at gun-point) (cited in *United States* v. Hill, 963 F.3d 528 (6th Cir. 2020) when discussing how different circuits handle this question).

       The Sixth Circuit has additionally addressed the issue, in passing, whether the "herding" of employees qualifies for the two-point adjustment, stating that "many courts have disagreed over whether "'herding victims into a defined area,' without then physically restraining them in that area," even qualifies for the two-level enhancement. See, *United States v. Hill*, 963 F.3d 528 (6th Cir. 2020) (citing to *United States v. Taylor*, 961 F.3d 68 (2nd Cir. 2020).

Therefore, under these facts and the definition of physical force, the adjustment should not be applied to this case.

Respectfully submitted,

The
CLAIBORNE ✺ FERGUSON
Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON
(20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 8th day of December 2020.

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
