**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

**UNITED STATES OF AMERICA,**
         **Plaintiff,**

**Vs.**                                    Cr. No.: 2:20-cr-20009-JPM

**FREDERICK COLEMAN,**
         **Defendant.**

**SENTENCING MEMORANDUM
WITH REQUEST FOR ADJUSTMENT/VARIANCE**

COMES NOW, Claiborne H. Ferguson, attorney for the Defendant, and files this, his Sentencing Memorandum as follows:

Before the Court is Frederick Coleman, a 29-year-old, lifelong Memphian. Presentence Investigation Report, PageID 272, ¶ 65 (hereinafter only denoted by ¶). He is asking this Court to sentence him to the minimum sentence under the law to 14 years.[1]

Personal History

Frederick Coleman has a minimal subtotal criminal history score of one, his prior history being composed mostly of driving on suspended license offenses. At age 18 he

---

[1] Seven if there is any change to the 924(c) requirement that they, successive 924(c) counts, run consecutively to *each other*.

was sentenced to 3 days for disorderly conduct and he received no points towards his criminal history for this case. He plead guilty to an evading arrest in 2019 and has completed diversion on that case. He received one point for that case, but because he was on diversion when the present crimes were committed, he received a two-point adjustment for "commit[ing] the offense while under a criminal justice sentence…." ¶ 49. This places him into a criminal history category of II.

Defendant relays a fairly "normal" Memphis childhood; raised by his mother, minimal contact with father, childhood described as "OK," mother worked to provide, father paid child support, drugs and violence in the neighborhood, and attended church with his family on occasion. Nothing that greatly mitigates the charges he has been convicted of. Also nothing that is particularly aggravating. Until this event, he seemed to have avoided the influences that snag so many of the young men that come before this Court.

As for his personal life, he is married, has a son, and was employed. ¶¶ 64, 71. His wife works, and his son is healthy. He reports no mental, physical, or substance abuse problems. ¶¶ 67-69. He is not a gang member. ¶ 68. He dropped out of school in the eleventh grade and indicated some academic difficulty at that point that led to him quiting school. ¶ 70.

Offence Conduct

Mr. Coleman was convicted of two distinct criminal acts, both involving a Hobbs Act robbery and a 924(c) charge (brandishing). For purposes of this Memorandum, counts

three and four, as submitted to the jury, will be called the Waffle House robbery and counts five and six will be referred to the Captain D's robbery.

On July 9, 2019 he and codefendant Raphael Hall robbed the Waffle House on American Way. They were both armed with firearms. They, together, forced employees back inside the business to open the registers. Two Hundred dollars were taken during this robbery

On July 15, 2019 Raphael Hall robbed a Captain D's on Frayser Boulevard at gunpoint of $150.29. He went into the store alone. After the robbery, Hall fled on foot and left the scene in a red Pontiac that had been parked in the last bay at the Super Suds carwash. See Photo 1, below. ¶6. Frederick Coleman was identified as the driver of the vehicle. *Id*.



Photo 1. Google Maps on 12/9/2020 at 12:28 p.m.

Clearly, there is a difference in the criminal conduct attributed to Mr. Coleman. In the Waffle House robbery, he was an active armed participant, but in the Captain D's robbery he is a considerable distance away and in a car. He does not actively participate in the actual robbery, but functions as the get-away driver at most.

### Specific Offense Characteristics - §2B3.1(b)(4)(B)

In Defendant's previously filed Position on Sentencing Factors he objected to the use of the two-point enhancement for "physical retraining" the victims of the Waffle House robbery and hereby incorporates that by reference. Should the Court find this adjustment doesn't apply then the correct Adjusted Offense Level would be a 20.[2]

### Adjustment for Minimal/Minor role - §3B1.2

The USSG allow for an adjustment based on a defendant's minimal/minor role in the offense. Section 3B1.2 reads as follows:

> Mitigating Role -
>
> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

---

[2] Defendant recognized the potential "mootness" of these issues because of the grouping and units determination in multiple count sentencing. That is, he could win some arguments and still be at adjusted offense level 22.

In cases falling between (a) and (b), decrease by 3 levels.

Section 3B1.2(a) calls for a four-level adjustment to a defendant's base offense level if he was a "minimal participant." The USSGs defines minimal participant in the commentary as covering "defendants who are plainly among the least culpable of those involved in the conduct of a group." Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. Section 3B1.2(b) calls for a two-level adjustment to a defendant's base offense level if he was a "minor participant" in the offense, U.S.S.G. § 3B1.2(b), or in other words, was "less culpable than most other participants in the criminal activity," id. § 3B1.2 comment. n.5. The Guidelines commentary clarifies that, in deciding whether to apply this adjustment, a court should consider the degrees to which a defendant understood the scope and structure of the criminal activity, participated in planning or organizing the activity, influenced or exercised decision-making authority, and stood to benefit from the activity, in addition to the nature and extent of his participation in the activity. Id. § 3B1.2 comment. n.3(C). *United States v. Daneshvar*, 925 F.3d 766, 790 (6th Cir. 2019).

Mr. Coleman's role in the Captain D's robbery is extremely minimal, assuming there was sufficient evidence to convict him. Clearly, he meets the standard of being "substantially less culpable than the average participant in the criminal activity." § 3B1.2 comment. n.3(A). He was never in the store, did not possess any weapon, nor took any property out of the store. He was a fair distance away, wasn't a look out, and other than driving, was not involved. We argue that he was a minimal participant.

## Variance for Minimal/Minor role

While frequently conflated, adjustments and departures are conceptually distinct under the Guidelines. Adjustments permit the court to modify the defendant's offense level based on specific circumstances including, for instance, his acceptance of responsibility, obstruction of justice, or—as relevant here—role in the offense. See U.S.S.G. Ch.3. Departures allow the court, after it has calculated the defendant's Guidelines range, to impose a sentence outside that range based on other circumstances generally identified by the Guidelines, including the death of a victim, a victim's extreme psychological injury, or otherwise. USSG. § 1B1.1, comment. n.1(F); USSG. § 5K2.0(a).

A variance is itself conceptually distinct from both an adjustment and a departure, as it allows the district court to impose a sentence outside of the Guidelines range based upon the court's weighing of the 18 U.S.C. § 3553(a) factors. *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011).

Should the Court find that the Defendant is not entitled to an adjustment based on his role, we would ask the Court to consider the adjustment argument, *supra*, for a variance in the sentence.

## Variance for Aberrant Behavior

While the defendant does not qualify for this under the USSG §5K2.20, the Court can consider Mr. Coleman's behavior as Aberrant under a variance. The episodes that the Court is sentencing Mr. Coleman on "represent[] a marked deviation by the defendant from an otherwise law-abiding life." §5K2.20. Clearly, the requirements of §5K2.20 preclude

his receiving credit as an adjustment because it involves multiple events over several days. Likewise, firearms were involved. However, it is undeniably that there is no explanation for his behavior in his past actions; no gang affiliation, no thefts, no gun charges or other crimes that would indicate he would begin robbing stores.

We respectfully ask the Court to consider this as a possible reason for a variance.

The Appropriate Sentence

A district court should begin by correctly calculating the applicable Guidelines range. The Guidelines are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of 18 U.S.C. § 3553(a)'s factors to determine whether they support either party's proposal. He may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented. If he decides on an outside-the-Guidelines sentence, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation. He must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Gall v. United States*, 552 U.S. 38 (2007).

Again, in this case, because of the minimal/minor role of Mr. Coleman in the Captain D's robbery, we are asking for relief from what otherwise would be an unreasonable sentence. The 924(c) are arguable required to be run consecutive to any other sentence. However, these has been no case that counsel has located that requires the 924(c) to run *consecutive to each other*. However, assuming there are, that alone is a 14 year

sentence, which under the § 3553 factors and his rule in the crime, clearly is adequate punishment.

We are asking that the Court either sentence Mr. Coleman to probation on the Hobbs Act robberies or to time serve them. *Dean v. United States*, 137 S.Ct. 1170, 197 L.Ed.2d 490 (2017) (holding that nothing in the requirement of consecutive sentences in 924(c) cases prevent a court from imposing a 30-year sentence under section 924(c) and a one-day sentence for the predicate crime, provided those terms run consecutively). This Court is not precluded in considering the length of the mandatory sentencing of the 924(c) convictions when sentencing on other counts.

The Defendant asks this Court to consider these factors in determining the appropriate sentence for Mr. Coleman.

                                                Respectfully submitted,

                                                              The
CLAIBORNE ✠ FERGUSON
                                                      Law Firm, P.A.

294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400

s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 9th day of December 2020.

                                                    s/ Claiborne H. Ferguson
                                                  CLAIBORNE H. FERGUSON (20457)