**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cr-20009-JPM-2 |
| v. | ) | |
| | ) | |
| FREDERICK COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTION**

Before the Court is Defendant Frederick Coleman's December 8, 2020 Position as to the Presentence Investigation Report, in which Defendant objects to the application of a two-level enhancement based on USSG § 2B3.1(b)(4)(B) to the base offense level for his conviction on Count 3[1]. (ECF No. 112.) The Probation Officer applied this enhancement based on Defendant's and Raphael Hall's forcing employees into the Waffle House during the commission of a robbery. (Presentence Investigation Report ("PSR"), ECF No. 123 at PageID 350.) Defendant argues that his conduct in this case does not fit the requirements of the enhancement because the restraint of the employees was not physical. (See generally ECF No. 112.)

Probation responded to Defendant's arguments by citing Sixth Circuit case law holding that using a pistol to require an employee to "go to a different place and maintain a position in a different place" constituted sufficient restraint upon the employee's movement

---

[1] Defendant was found guilty of Counts 3–6 of the renumbered Indictment, which can be found at ECF No. 102.

for application of USSG § 2B3.1(b)(4)(B).  (ECF No. 123-1 at PageID 365 (quoting United States v. Coleman, 664 F.3d 1047, 1050–51 (6th Cir. 2012)).)

For the reasons set forth below, Defendant's objection is **OVERRULED**.

## I.     BACKGROUND

On January 14, 2020, Defendant was charged by Indictment with three counts of robbery affecting commerce in violation of 18 U.S.C. §§ 1951 & 2 and three counts of using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) & 2.  (ECF No. 1.)  A jury trial was held from October 5, through October 8, 2020, after which the jury returned a verdict of guilty on four counts (two counts of robbery affecting commerce and two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence).  (ECF Nos. 85, 89, 93, 95, 97.)

On December 3, 2020, Probation filed the Presentence Report Draft, which included the § 2B3.1(b)(4)(B) enhancement to which Defendant objects.  (ECF No. 110 at PageID 266.)  Defendant filed his Position Regarding Presentence Report on December 8, 2020 (ECF No. 112) and Probation filed the final PSR on December 30, 2020 (ECF No. 123), in which the Probation Officer responded to Defendant's objection.  A Sentencing Hearing is set for February 26, 2021.

In the final PSR, Probation summarized the facts supporting the application of the § 2B3.1(b)(4)(B) enhancement as follows:

> In this case, on July 9, 2019, the defendant and Raphael Hall robbed the Waffle House [].  Victim and employee Tylanda Matthews informed officers that as she and Stacey Stafford were walking out of the restaurant to take a smoke break, they were approached by the defendants, who were armed with firearms.  Hall and the defendant forced Matthews and Stafford back inside the business and they were instructed to open the cash register.

(ECF No. 123-1 at PageID 365.)

2

## II.    LEGAL STANDARD

USSG § 2B3.1(b)(4)(B) provides for a two-level enhancement ("the physical-restraint enhancement") of the base offense level for robbery "if any person was physically restrained to facilitate commission of the offense or to facilitate escape[.]"

## III.    ANALYSIS

The Sixth Circuit 2012 decision in Coleman found that the physical-restraint enhancement applied where the defendant pointed a BB pistol that victims believed to be a 9mm handgun at a bank employee who was in an office adjacent to the bank lobby and ordered the employee to come out of the office and sit on the floor in the lobby.  664 F.3d at 1048, 1050–51.  The Sixth Circuit in Coleman reviewed case law from other courts and concluded that "[m]ost circuit courts uphold the enhancement in similar robbery cases where a defendant limits a victim's freedom of movement by brandishing a firearm and compelling the victim to move from one location to another."  Id. at 1050 (citations omitted).  The Sixth Circuit expressly declined to limit the enhancement to cases with a physical component to the restraint.  Id.

The facts in this case are virtually identical to the facts in Coleman.  Here, Defendant and Hall used firearms to compel Matthews and Stafford to move from outside the restaurant (or from the door) into the business and to the cash register.  This fact pattern is indistinguishable from what the Sixth Circuit held in Coleman to satisfy the requirements of the physical-restraint enhancement.

Defendant argues that a more recent Sixth Circuit case, United States v. Hill, supports his position that the enhancement does not apply.  (ECF No. 112 at PageID 286 (citing Hill, 963 F.3d 528 (6th Cir. 2020)).  But the issue in Hill was the applicability of the four-level

3

enhancement for abduction, not the two-level enhancement for physical restraint.  Hill, 963 F.3d at 531.  The parties in Hill agreed that the two-level enhancement applied where the robbers led victims from the sales floor to a back room at gunpoint, forced the victims to lie face-down on the floor, and bound their wrists and ankles with zip ties.  Id. at 530, 532.

Defendant argues that (1) "physical force" must be above the force used to conduct the robbery has to have the element of "physical" (citing United States v. Paul, 904 F.3d 200, 201, 204 (2d Cir. 2018) and noting that Hill also cited Paul) and (2) the Sixth Circuit has acknowledged that courts are divided as to whether "herding" employees qualifies for the two-level enhancement.  (ECF No. 112 at PageID 286.)

With respect to Defendant's first argument, the Sixth Circuit did not cite Paul favorably or disfavorably: it simply noted that Paul was an example of a case involving the physical-restraint enhancement that also included movement that might satisfy the abduction enhancement.  Hill, 963 F.3d at 537.  Because the facts of this case are so similar to the facts in Coleman, this Court will follow the Sixth Circuit precedent.  The Second Circuit's holding in Paul does not control.

With respect to Defendant's second argument, again, the Defendant is merely citing dicta in Hill, where the court noted that "many courts have disagreed over whether 'herding victims into a defined area, without then physically restraining them in that area' [] qualifies for the [physical-restraint] enhancement."  963 F.3d at 535–36 (citations omitted). Furthermore, that dicta comes after the court described movements within a store (as compared to movements from the store to a second location) as movements satisfying the physical-restraint enhancement.  Id. at 535.  This dicta in no way overrules Sixth Circuit precedent regarding the applicability of the physical-restraint enhancement.

4

Finally, more recent Sixth Circuit case law has continued to cite <u>Coleman</u> with approval.  <u>See</u> <u>United States v. Perry</u>, 743 F. App'x 617, 619 (6th Cir. 2018) (citing <u>Coleman</u>, 664 F.3d at 1050–51) ("Under the Guidelines, physically restraining a bank teller includes pointing a gun at him and forcing him to move."); <u>see also</u> <u>United States v. Smith-Hodges</u>, 527 F. App'x 354, 356 (6th Cir. 2013) (citing <u>Coleman</u>, 664 F.3d at 1050–51) ("The brandishing of a firearm combined with the forced movement of the victim into a more vulnerable position was restraint enough [in <u>Coleman</u>].").

Because no Sixth Circuit case law expressly or even impliedly overturns <u>Coleman</u>, and because the facts in this case are virtually identical to the facts in <u>Coleman</u>, the two-level physical-restraint enhancement applies.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's objection is **OVERRULED**.

**SO ORDERED**, this 25th day of February, 2021.

/s/ Jon P. McCalla<br>
JON P. McCALLA<br>
UNITED STATES DISTRICT JUDGE