## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 28, 2022

Mr. Claiborne Hambrick Ferguson
The Claiborne Ferguson Law Firm
294 Washington Avenue
Memphis, TN 38103

Mr. Kevin G. Ritz
Office of the U.S. Attorney
167 N. Main Street
Suite 800
Memphis, TN 38103

Mr. Kevin P. Whitmore
Office of the U.S. Attorney
167 N. Main Street
Suite 800
Memphis, TN 38103

Re: Case No. 21-5220, *USA v. Frederick Coleman*
Originating Case No. 2:20-cr-20009-2

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Monica M. Page
Case Manager
Direct Dial No. 513-564-7021

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-5220

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 28, 2022
DEBORAH S. HUNT, Clerk

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| FREDERICK COLEMAN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | | |

O R D E R

Before: COLE, GIBBONS, and ROGERS, Circuit Judges.

Frederick Coleman, a federal prisoner, appeals his judgment of conviction for robbery and firearm offenses. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

A federal grand jury indicted Coleman on three counts each of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. These charges stemmed from Coleman's alleged participation in the armed robberies of three Memphis-area restaurants—a Dixie Queen, a Waffle House, and a Captain D's—with his housemate, Raphael Hall, in July 2019. After a multi-day trial, a jury convicted Coleman of the charges relating to the Waffle House and Captain D's robberies but hung as to the charges relating to the Dixie Queen robbery. The district court declared a mistrial as to the deadlocked charges and sentenced Coleman to a total term of 225 months' imprisonment, to be followed by three years' supervised release.

No. 21-5220
- 2 -

On appeal, Coleman challenges the district court's denial of his motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the evidence presented at trial was insufficient to convict him of the charges relating to the robbery of the Captain D's restaurant. He does not contest his convictions relating to the Waffle House robbery.

We review the sufficiency of the evidence de novo, asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Collins*, 799 F.3d 554, 589 (6th Cir. 2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When assessing the sufficiency of the evidence, we do not "weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994). "Circumstantial evidence alone is sufficient to sustain a conviction under this deferential standard of review." *United States v. Fekete*, 535 F.3d 471, 476 (6th Cir. 2008).

Coleman first argues that the government presented insufficient evidence to convict him of aiding and abetting the Hobbs Acts robbery of the Captain D's restaurant. A person violates 18 U.S.C. § 1951(a) if he:

> [I]n any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section[.]

A person may be held liable for aiding and abetting Hobbs Acts robbery pursuant to 18 U.S.C. § 2 if the government demonstrates that he "(1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). "In proscribing aiding and abetting under 18 U.S.C. § 2, Congress used language that 'comprehends all assistance rendered by words, acts, encouragement, support, or presence,' even if that aid relates to only one (or some) of a crime's phases or elements." *United States v. Tibbs*, 685 F. App'x 456, 465-66 (6th Cir. 2017) (footnote omitted) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993)).

A reasonable trier of fact could find that Coleman aided and abetted the robbery of the Captain D's restaurant. At trial, the government introduced two surveillance videos that were taken simultaneously on the evening in question—one from the Captain D's restaurant and the other from a self-service car wash located near the Captain D's restaurant. The surveillance video from the restaurant showed a man enter the store, pull a handgun from his waistband, walk behind the counter, order an employee to open the cash register, clear the register, and then flee from the scene. A restaurant employee testified at trial that she saw the culprit—whom she later identified as Raphael Hall in a photographic lineup—run to a red Pontiac G6 that was parked in the last stall of the nearby car wash. The surveillance video from that car wash showed a man—whom Hall's girlfriend positively identified at trial as Coleman—standing next to a red Pontiac G6 while Hall was in the restaurant. Although Coleman picked up a water hose as if he were about to wash the car, he never activated the car wash and dropped the hose a few seconds later. Coleman then opened, rummaged around in, and leaned on the trunk of the car, all the while keeping the driver's side door open and repeatedly looking in the direction of the Captain D's restaurant. When he eventually saw Hall running toward him with what appeared to be a handful of cash, Coleman did not hesitate—he quickly closed the trunk, jumped in the driver's seat, and sped away once Hall got in the passenger's seat. From this evidence, a reasonable juror could conclude that Coleman was not merely an innocent bystander but actively participated in the Captain D's robbery by serving as the getaway driver.

Finally, Coleman argues that the evidence did not support his § 924(c) conviction because he did not know that Hall would brandish a firearm during the Captain D's robbery. A person violates § 924(c) if he possesses a firearm "during and in relation to any crime of violence" or "in furtherance of any such crime."[1] Where a defendant is charged with aiding and abetting a § 924(c) offense, "the Government makes its case by proving that the defendant actively participated in the

---

[1] Coleman does not dispute that his convictions for aiding and abetting Hobbs Act robbery—the predicates for his § 924(c) convictions—qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)'s so-called "elements clause." *See United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir.) *cert. denied*, 141 S. Ct. 344 (2020).

underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 572 U.S. at 67.

As previously discussed, Coleman actively participated in the robbery of the Captain D's restaurant by acting as the getaway driver. And the government presented evidence showing that Hall and Coleman had jointly robbed a Dixie Queen[2] and a Waffle House at gunpoint just days before the Captain D's robbery. Indeed, the jury convicted Coleman for the Waffle House robbery. Coleman's participation in *at least* one prior armed restaurant robbery with Hall "is strong circumstantial evidence that he was aware of [Hall's] *modus operandi* of using [a] firearm[] in the commission of robberies." *United States v. Gooch*, 850 F.3d 285, 289 (6th Cir. 2017). Viewing this evidence in a light most favorable to the government, a rational trier of fact could find that Coleman had advance knowledge that Hall would possess a firearm during the Captain D's robbery. *See id*.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[2] The jury's failure to reach a verdict on the charges relating to the Dixie Queen robbery does not prevent us from considering evidence regarding its underlying facts when determining whether Coleman was aware of Hall's modus operandi of carrying a firearm during robberies. *See Yeager v. United States*, 557 U.S. 110, 121 (2009).